UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2019 MAR -5 P 4:20
US DISTRICT COURT
HARTFORD CT

GRAND JURY H-18-1

UNITED STATES OF AMERICA

v.

ANTHONY WHYTE, a.k.a. "Jak Mac,"
ROYSHAWN ALLGOOD, a.k.a. "Boy Roy,"
HOLLY BUTLER,
KEMAR CAMERON,
NIREN DAVIS, a.k.a. "King,"
EARLENE DUDLEY, JR., a.k.a. "Big Fish,"
VICTOR ENCARNACION,
JOSHUA FELDMAN,
ANTOINE FORBES, a.k.a. "Cream,"
RAMEL GENERAL, a.k.a. "Ra,"
BENJAMIN GREGOR,
JACKIE HERNANDEZ,
JUAN HERNANDEZ,
RONALD KETTER,
ORLAYN MARQUEZ, a.k.a. "Cuba,"
BRIAN MCCLELLAN,
AGGRAY MCLEOD, a.k.a. "Jamaican Berry,"
PRINCETAFARI VIDAL, A.K.A. "PRINCE,"
EMILIO RODRIGUEZ, a.k.a. "Millz,"
AMY SARCIA,
JEREMY SANBORN, a.k.a. "Jerm,"
DILMA SOLANGE SILVA,
RAYQUAN STOKLEY, a.k.a. "Gatz," and
SASHA SWAIN

CRIMINAL NO.

VIOLATIONS:

21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 846 (Conspiracy to Distribute, and to Possess with Intent to Distribute, Heroin, Fentanyl, Cocaine and Cocaine Base)

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Possession with Intent to Distribute 500 Grams or More of Cocaine and 100 Grams or More of Heroin)

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession with Intent to Distribute and Distribution of Cocaine, Cocaine Base, and Heroin)

21 U.S.C. § 843(b) (Use of a Telephone to Facilitate a Drug Trafficking Felony)

18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2) (Possession of Firearms in Furtherance of a Drug Trafficking Crime)

18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Unlawful Possession of a Firearm by a Felon)

18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering)

18 U.S.C. § 2 (Aiding and Abetting)

21 U.S.C. § 853 (Criminal Forfeiture)

18 U.S.C. § 982(a)(1) (Criminal Forfeiture)

# INDICTMENT

The Grand Jury charges:

## COUNT ONE

(Conspiracy to Distribute, and to Possess With Intent to Distribute, Heroin, Fentanyl, Cocaine and Cocaine Base)

1. From approximately March 2018 through on or about February 21, 2019, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, defendants ANTHONY WHYTE, a.k.a. "Jak Mac," ROYSHAWN ALLGOOD, a.k.a. "Boy Roy," HOLLY BUTLER, KEMAR CAMERON, NIREN DAVIS, a.k.a. "King," EARLENE DUDLEY, JR., a.k.a. "Big Fish," VICTOR ENCARNACION, JOSHUA FELDMAN, ANTOINE FORBES, a.k.a. "Cream," RAMEL GENERAL, a.k.a. "Ra," BENJAMIN GREGOR, JACKIE HERNANDEZ, JUAN HERNANDEZ, RONALD KETTER, ORLAYN MARQUEZ, a.k.a. "Cuba," BRIAN MCCLELLAN, AGGRAY MCLEOD, a.k.a. "Jamaican Berry," PRINCETAFARI VIDAL, a.k.a. "Prince," EMILIO RODRIGUEZ, a.k.a. "Millz," AMY SARCIA, JEREMY SANBORN, a.k.a. "Jerm," DILMA SOLANGE SILVA, RAYQUAN STOKLEY, a.k.a. "Gatz," SASHA SWAIN and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another to distribute, and to possess with intent to distribute, controlled substances, namely a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

QUANTITY OF HEROIN INVOLVED IN THE CONSPIRACY

2. Defendant ORLAYN MARQUEZ, a.k.a. "Cuba;" knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

3. Defendants ANTHONY WHYTE, a.k.a. "Jak Mac," ROYSHAWN ALLGOOD, a.k.a. "Boy Roy," VICTOR ENCARNACION and AMY SARCIA knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(i).

4. Defendants ANTOINE FORBES a.k.a. "Cream," EMILIO RODRIGUEZ, a.k.a. "Millz," JEREMY SANBORN, a.k.a. "Jerm," and DILMA SOLANGE SILVA knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

QUANTITY OF FENTANYL INVOLVED IN THE CONSPIRACY

5. Defendants ANTHONY WHYTE, a.k.a. "Jak Mac," ORLAYN MARQUEZ, a.k.a. "Cuba," JEREMY SANBORN, a.k.a. "Jerm," and DILMA SOLANGE SILVA knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing

a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

QUANTITY OF COCAINE INVOLVED IN THE CONSPIRACY

6. Defendants ANTHONY WHYTE, a.k.a. "Jak Mac," and RAMEL GENERAL, a.k.a. "Ra," knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

7. Defendants HOLLY BUTLER, KEMAR CAMERON, EARLENE DUDLEY, JR., a.k.a. "Big Fish," JACKIE HERNANDEZ, BENJAMIN GREGOR, AMY SARCIA and DILMA SOLANGE SILVA knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

8. Defendants ROYSHAWN ALLGOOD, a.k.a. "Boy Roy," NIREN DAVIS, a.k.a. "King," VICTOR ENCARNACION, JOSHUA FELDMAN, JUAN HERNANDEZ, RONALD KETTER, BRIAN MCCLELLAN, AGGRAY MCLEOD, a.k.a. "Jamaican Berry," PRINCETAFARI VIDAL, a.k.a. "Prince," and SASHA SWAIN knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount

of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

QUANTITY OF COCAINE BASE INVOLVED IN THE CONSPIRACY

9. Defendants ROYSHAWN ALLGOOD, a.k.a. "Boy Roy" knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

10. Defendants VICTOR ENCARNACION, ANTOINE FORBES, a.k.a. "Cream," BRIAN MCCLELLAN and RAYQUAN STOKLEY, a.k.a. "Gatz," knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO
(Possession with Intent to Distribute and Distribution of Cocaine Base)

11. On or about March 15, 2018, in the District of Connecticut, the defendant ROYSHAWN ALLGOOD, a.k.a. "Boy Roy," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT THREE
(Possession with Intent to Distribute and Distribution of Cocaine)

12. On or about June 11, 2018, in the District of Connecticut, the defendant ROYSHAWN ALLGOOD, a.k.a. "Boy Roy," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT FOUR
(Possession with Intent to Distribute and Distribution of Cocaine Base)

13. On or about August 28, 2018, in the District of Connecticut, the defendant ROYSHAWN ALLGOOD, a.k.a. "Boy Roy," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT FIVE
(Possession with Intent to Distribute and Distribution of Cocaine Base)

14. On or about September 5, 2018, in the District of Connecticut, the defendant ROYSHAWN ALLGOOD, a.k.a. "Boy Roy," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT SIX
(Possession with Intent to Distribute and Distribution of Cocaine)

15. On or about September 20, 2018, in the District of Connecticut, the defendant ROYSHAWN ALLGOOD, a.k.a. "Boy Roy," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT SEVEN
(Possession with Intent to Distribute and Distribution of Heroin)

16. On or about October 2, 2018, in the District of Connecticut, the defendant ROYSHAWN ALLGOOD, a.k.a. "Boy Roy," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT EIGHT
(Possession with Intent to Distribute and Distribution of Cocaine)

17. On or about November 6, 2018, in the District of Connecticut, the defendant ROYSHAWN ALLGOOD, a.k.a. "Boy Roy," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT NINE
(Possession with Intent to Distribute and Distribution of Cocaine Base)

18. On or about November 21, 2018, in the District of Connecticut, the defendant ROYSHAWN ALLGOOD, a.k.a. "Boy Roy," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT TEN
(Possession with Intent to Distribute and Distribution of Heroin)

19. On or about October 15, 2018, in the District of Connecticut, the defendant ANTHONY WHYTE, a.k.a. "Jak Mac," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT ELEVEN
(Possession with Intent to Distribute and Distribution of Heroin)

20. On or about October 30, 2018, in the District of Connecticut, the defendant ANTHONY WHYTE, a.k.a. "Jak Mac," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT TWELVE
(Possession with Intent to Distribute and Distribution of Heroin)

21. On or about December 12, 2018, in the District of Connecticut, the defendant ANTHONY WHYTE, a.k.a. "Jak Mac," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT THIRTEEN
(Possession with Intent to Distribute and Distribution of Heroin)

22. On or about October 12, 2018, in the District of Connecticut, the defendant EMILIO RODRIGUEZ knowingly and intentionally possessed with intent to distribute and did

distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT FOURTEEN
(Possession with Intent to Distribute Cocaine)

23. On or about December 11, 2018, in the District of Connecticut, the defendant JOSHUA FELDMAN knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT FIFTEEN
(Possession with Intent to Distribute 500 Grams or More of Cocaine)

24. On or about December 23, 2018, in the District of Connecticut, the defendant JACKIE HERNANDEZ knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

COUNT SIXTEEN
(Possession with Intent to Distribute Cocaine)

25. On or about January 17, 2019, in the District of Connecticut, the defendant JUAN HERNANDEZ knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT SEVENTEEN
(Possession with Intent to Distribute 500 Grams or More of Cocaine and 100 Grams or More of Heroin)

26. On or about February 21, 2019, in the District of Connecticut, the defendant ANTHONY WHYTE, a.k.a. "Jak Mac," knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.

COUNT EIGHTEEN
(Possession of Firearms in Furtherance of a Drug Trafficking Crime)

27. On or about February 21, 2019, in the District of Connecticut, the defendant ANTHONY WHYTE, a.k.a. "Jak Mac," knowingly possessed firearms, namely, a Sig Sauer P226 .357 caliber handgun bearing serial number UU69295; a Glock 17 9mm handgun, bearing serial number SYD311; a Smith and Wesson 5606 9mm handgun, bearing serial number TE57581; a RG Model 14 .22LR revolver, bearing serial number L654039; a Lorcin L25 .25 caliber handgun, bearing serial number 009721; a Springfield Armory XDM .45 caliber handgun, bearing serial number MG542302; a Keltec P-11 9mm handgun, bearing serial number 94910; a Walther P1 9mm handgun, bearing serial number 233916-BW; a Jimenez Arms JA25 .25 caliber handgun, bearing serial number 186544; and a Smith and Wesson M/P22 .22 caliber handgun, bearing serial number MP132516, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the crimes charged in Counts One and Seventeen of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(2).

COUNT NINETEEN
(Unlawful Possession of a Firearm by a Convicted Felon)

28. On or about February 21, 2019, in the District of Connecticut, the defendant JEREMY SANBORN, having been convicted in the United States District Court for the District of Connecticut of a crime punishable by a term of imprisonment exceeding one year, namely Trafficking in Counterfeit Access Devices, in violation of Title 18, United States Code, Section 1029 on or about December 2, 2003, and having been convicted in the Superior Court of the State of Connecticut of crimes punishable by a term of imprisonment exceeding one year, namely, Sale Hallucinogen/Narcotics, in violation of Connecticut General Statutes § 21a-277(a) on or about June 5, 2014; Possession with Intent to Distribute Narcotics, in violation of Connecticut General Statutes § 21a-277(a) on or about July 6, 2012; and Identity Theft, in violation of Connecticut General Statutes § 53a-129a on or about September 12, 2002, did knowingly possess a firearm in and affecting commerce, that is, a Taurus PT .25 caliber handgun, bearing serial number Y102588, which had been shipped and transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

COUNT TWENTY
(Use of a Telephone to Facilitate a Drug Trafficking Felony)

29. On or about December 18, 2019, in the District of Connecticut, the defendant RONALD KETTER knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute cocaine, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-ONE
(Use of a Telephone to Facilitate a Drug Trafficking Felony)

30. On or about December 31, 2018, in the District of Connecticut, the defendant PRINCETAFARI VIDAL, a.k.a. "Prince," knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute cocaine, a Schedule II controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-TWO
(Conspiracy to Launder Monetary Instruments)

31. From approximately April 2017 through February 21, 2019 , in the District of Connecticut and elsewhere, the defendants ANTHONY WHYTE, a.k.a. "Jak Mac," and AMY SARCIA did knowingly combine, conspire and agree with one another and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

32. (a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, narcotics trafficking, with the intent to promote the carrying on of a specified unlawful activity, namely, narcotics trafficking, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

33. (b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified

unlawful activity, that is, narcotics trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

MANNER AND MEANS

34. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

35. The defendant AMY SARCIA accepted narcotics proceeds from defendant ANTHONY WHYTE, a.k.a. "Jak Mac," and in exchange, AMY SARCIA, via her business, TWO WIVES PIZZA, issued ANTHONY WHYTE, a.k.a. "Jak Mac," quarterly paychecks from April 2017 until at least April 2018 in an attempt to legitimize the narcotics proceeds and to disguise those proceeds as employment wages;

36. The defendant AMY SARCIA, via her corporation EED LLC, also issued ANTHONY WHYTE, a.k.a. "Jak Mac," a Form W-2 for 2018 in an attempt to legitimize the narcotics proceeds and make the payment of such proceeds to WHYTE appear to be employment income;

37. The defendant AMY SARCIA accepted narcotics proceeds as payment from ANTHONY WHYTE, a.k.a. "Jak Mac," and, in exchange, permitted WHYTE to use a building owned or managed by AMY SARCIA or her business holdings to store and dispense narcotics;

All in violation of Title 18, United States Code, Section 1956(h).

FORFEITURE ALLEGATION
(Controlled Substances Offenses)

38. Upon conviction of one or more of the controlled substances offenses alleged in this Indictment, the defendants, ANTHONY WHYTE, a.k.a. "Jak Mac," ROYSHAWN ALLGOOD, a.k.a. "Boy Roy," HOLLY BUTLER, KEMAR CAMERON, NIREN DAVIS, a.k.a. "King," EARLENE DUDLEY, JR., a.k.a. "Big Fish," VICTOR ENCARNACION, JOSHUA FELDMAN, ANTOINE FORBES, a.k.a. "Cream," RAMEL GENERAL, a.k.a. "Ra," BENJAMIN GREGOR, JACKIE HERNANDEZ, JUAN HERNANDEZ, RONALD KETTER, ORLAYN MARQUEZ, a.k.a. "Cuba," BRIAN MCCLELLAN, AGGRAY MCLEOD, a.k.a. "Jamaican Berry," PRINCETAFARI VIDAL, a.k.a. "Prince," EMILIO RODRIGUEZ, a.k.a. "Millz," AMY SARCIA, JEREMY SANBORN, a.k.a. "Jerm," DILMA SOLANGE SILVA, RAYQUAN STOKLEY, a.k.a. "Gatz," and SASHA SWAIN shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including but not limited to $1,800.00, $56,680.00, $7,900.00, $24,800.00, $79,690.00, $2,342.00, $7,675.00, $15,550.00, and $169,070.00 seized on February 21, 2019.

39. If any of the above-described forfeitable property, as a result of any act or omission of the defendants named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot

be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

FORFEITURE ALLEGATION
(Money Laundering Offense)

40. Upon conviction of the money laundering offense alleged in Count Twenty-Two of this Indictment, defendants ANTHONY WHYTE, a.k.a. "Jak Mac," and AMY SARCIA shall forfeit to the United States of America pursuant to 18 U.S.C. § 982(a)(1), all right, title, and interest in any and all money and other property involved in the offense in violation of 18 U.S.C. § 1956(h) and all property traceable to such property.

41. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s), cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property.

All in accordance with 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

FORFEITURE ALLEGATION
(Firearms Offense)

42. Upon conviction of the offenses alleged in Counts Eighteen and Nineteen of this

Indictment, the defendants ANTHONY WHYTE, a.k.a. "Jak Mac," and JEREMY SANBORN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), the firearms and ammunition involved in the commission of the offenses including, but not limited to: a Sig Sauer P226 .357 caliber handgun, bearing serial number UU692950; a Glock 17 9mm handgun, bearing serial number SYD311; a Smith and Wesson 5606 9mm handgun, bearing serial number TE57581; a RG Model 14 .22LR revolver, bearing serial number L654039; a Lorcin L25 .25 caliber handgun, bearing serial number 009721; a Springfield Armory XDM .45 caliber handgun, bearing serial number MG542302; a Keltec P-11 9mm handgun, bearing serial number 94910; a Walther P1 9mm handgun, bearing serial number 233916-BW; a Jimenez Arms JA25 .25 caliber handgun, bearing serial number 186544; and a Smith and Wesson M/P22 .22 caliber handgun, bearing serial number MP132516, which were seized on or about February 21, 2019.

All in accordance with Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c), Title 21, United States Code, Section 853, and Federal Rules of Criminal Procedure 32.2(a).

A TRUE BILL

FOREPERSON

UNITED STATES OF AMERICA

JOHN H. DURHAM
UNITED STATES ATTORNEY

NATASHA M. FREISMUTH
ASSISTANT UNITED STATES ATTORNEY